# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MARGARET A. BERTRAN, et al.,

        Appellants,

v.

LARRY D. COMPTON, TRUSTEE, et al.,

        Appellees.

Case No. 4:16-cv-00022-SLG

Consolidated with Case No. 4:16-cv-00024-SLG

[Appeal from Bankruptcy Case No. F12-00501-HAR]

## DECISION & ORDER ON APPEAL

Before the Court is an appeal pursuant to 28 U.S.C. § 158(a) from the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").[1] Appellants Margaret A. Bertran, Barbara Tangwall, and Donald Tangwall, in their individual capacities and as trustee or trustor of the Toni 1 Trust, appeal the Bankruptcy Court's Order Granting Trustee's Motion for Authority to Sell Ranch By Auction, and To Sell or Dispose of Personal Property on Site.[2] The appeal has been fully briefed.[3] Also before the Court at Docket 44 is Appellants' Motion to Deny Barbara Wacker, William Wacker and Their Attorney Erik LeRoy from Participating in this Appeal; at Docket 49 is

---

[1] *See* Docket 1 (Notice of Appeal). This case consolidates two related appeals, Case Nos. 4:16-cv-00024-SLG and 4:16-cv-00022. *See* Docket 22 (Order Consolidating Appeals).

[2] Docket 23-13 (Order Approving Sale) at 43–47. Margaret Bertran filed the appeal in Case No. 4:16-cv-00022; the Tangwalls filed the appeal in Case No. 4:16-cv-00024. Ms. Bertran appears both in her individual capacity and as trustor of the Toni 1 Trust. Donald Tangwall appears both in his individual capacity and as the "trust protector" of the Toni 1 Trust. Barbara Tangwall appears in her individual capacity.

[3] Docket 27 (Appellants' Opening Br.); Docket 28 (Appellants' Opening Br.); Docket 30 (Appellants' Opening Br.); Docket 42 (Appellee's Opening Br.); Docket 53 (Appellants' Reply Br.).

Appellants' Motion for Extension of Time to File Reply Brief; and at Docket 54 is Trustee Larry Compton's Motion for Leave to File Trustee's Response to Reply Brief Concerning the Record on Appeal. These additional motions have also been briefed.[4] Oral argument was not requested and was not necessary to the Court's determinations.

## BACKGROUND

The facts of this longstanding dispute are well known to the parties. The following facts are relevant to this appeal:

Appellant Margaret Bertran and her daughter, Appellant Barbara Tangwall, owned a parcel of property in Roundup, Montana ("the Ranch"). Appellant Donald Tangwall, Barbara Tangwall's husband, sued Barbara and William Wacker ("the Wackers") in Montana state court over a dispute concerning a trucking enterprise and a cattle trailer. The Wackers filed a third party complaint in that action against Ms. Bertran, the Tangwalls, and others to recover on a debt. While that suit was pending, Ms. Bertran and Ms. Tangwall transferred the Ranch, and Ms. Tangwall transferred a commercial property ("the Properties") to a purported trust called the Toni 1 Trust.[5] On May 17, 2011, the Wackers obtained a judgment against Ms. Tangwall and Ms. Bertran in the Montana case (the "2011 Judgment"), in the amount of $137,551.47.[6] The Wackers then brought a fraudulent transfer suit in Montana state court under the Montana Uniform Fraudulent

---

[4] Docket 44 (Appellants' Mot. to Deny); Docket 54 (Trustee's Mot. for Leave); Docket 55 (Appellants' Resp. to Mot. for Leave); Docket 56 (Trustee's Resp. in Support of Mot. for Leave); Docket 57 (Trustee's Reply to Resp. to Mot. for Leave).

[5] *See* Docket 23-10 (Warranty Deeds) at 154, 156.

[6] Docket 23-10 (2011 Judgment) at 62–63.

Transfer Act against the Toni 1 Trust, Ms. Bertran and Ms. Tangwall.[7]  On May 7, 2012, the Montana state court entered an order, which held that the transfers of the Properties to the trust were fraudulent, set them aside, and permitted the Wackers to levy execution on the Properties (the "2012 Judgment").  The 2012 Judgment also expressly authorized the Wackers to sell the Properties at public auction and apply the proceeds to the judgment.[8]  No appeal was taken from either judgment.  On July 17, 2012, the County Clerk for the Montana state court issued a writ of execution, and a notice of sale of the Properties by public auction was sent to Ms. Bertran and Ms. Tangwall.  Appellants Margaret Bertran and Barbara Tangwall filed a motion to quash the execution of the writ and a motion to set aside the 2012 Judgment with the Montana state court, but at no time did any Appellant in this case argue to the Montana state court that Montana lacked jurisdiction over the Toni 1 Trust.[9]  The Montana state court denied both motions.[10]

On August 17, 2012, Ms. Bertran filed for Chapter 7 Bankruptcy in the District of Alaska, Case No. A12-00501.[11]  Larry Compton was appointed as Trustee.  On December 20, 2012, Donald Tangwall, as trustee of the Toni 1 Trust, initiated an adversary proceeding against the Trustee and the Wackers in the Alaska Bankruptcy Court (the "Adversary Action").  Among other claims, Mr. Tangwall argued that service of

---

[7] Docket 23-10 (Reply Br. to Mot. to Quash) at 21.

[8] *See* Docket 23-10 (2012 Judgment) at 14–16.

[9] Docket 23-10 (Mot. to Quash Writ of Execution) at 19–20; Docket 23-10 (Mot. to Set Aside J.) at 25–27.

[10] Docket 23-10 (Order Denying Defs.' Mot. to Quash Writ and Mot. to Set Aside J.) at 33–35.

[11] Docket 23-10 (Mem. Decision for Entry of Default J.) at 165.

process on the Toni 1 Trust in the 2012 Montana fraudulent transfer case was so defective as to make the 2012 Judgment against the Toni 1 Trust void.[12]  On August 16, 2013, after a hearing on the issue, the Bankruptcy Court dismissed Mr. Tangwall's complaint, and held that the Toni 1 Trust was required to appear through an attorney and Mr. Tangwall as trustee could not file pro per papers or pleadings on behalf of the Toni 1 Trust.[13]

The Trustee then brought his own fraudulent transfer claims in the Adversary Action seeking to invalidate the 2011 transfers of the Properties to the Toni 1 Trust.[14]  On October 15, 2013, the Bankruptcy Court held that the Trustee had shown that "the two real property transfers were made to keep the property out of the hands of the Wackers, who were on the verge of obtaining a $137,000 judgment against the debtor," and that the real property transfers thereby violated 11 U.S.C. § 548(a)(1)(A).[15]  Accordingly, on October 16, 2013, the Bankruptcy Court entered a final judgment holding that Ms. Bertran's conveyances of her interest in the Properties were fraudulent and that the Trustee's rights to Ms. Bertran's interest in the Properties was superior to those of both Mr. Tangwall, as trustee of the Toni 1 Trust, and the Toni 1 Trust itself (the "2013 Final Judgment").  The 2013 Final Judgment also dismissed Mr. Tangwall's Adversary Action and held that Ms. Bertran's interest in the Properties became the property of her

---

[12] Docket 23-10 (Mem. Decision for Entry of Default J.) at 170.

[13] Docket 23-10 (Am. Order Requiring Pl. to Appear Through an Attorney) at 133–134.

[14] Docket 23-10 (Memo. Decision for Entry of Default J.) at 170.  The Trustee established that by transferring the Ranch and commercial property, Ms. Bertran became insolvent.  *See also* Docket 23-10 at 144.

[15] Docket 23-10 (Memo. Decision for Entry of Default J.) at 158–74.

Bankruptcy Estate.[16]  The 2013 Final Judgment did not address Ms. Tangwall's interest in the Ranch.[17]

Mr. Tangwall, in his capacity as trustee of the Toni 1 Trust, then filed two appeals to the Bankruptcy Appellate Panel ("BAP") on November 18, 2013 and on December 2, 2013.  The BAP dismissed both appeals as untimely.  Mr. Tangwall then appealed to the Ninth Circuit, which dismissed one of the appeals for failure to perfect the appeal and one for being frivolous.[18]

On May 11, 2016, the Trustee filed a motion in the main bankruptcy case seeking an order permitting him to sell the bankruptcy estate's half interest in the Ranch.  The Wackers joined in the motion, so that the entire Ranch property was the subject of the motion.[19]  A hearing on the motion was held on June 6, 2016.  The Tangwalls, the Trustee and his attorney, and Attorney Eric LeRoy for the Wackers all attended the hearing.[20]  On June 7, 2016, the Bankruptcy Court granted the Trustee's motion (the "Order Approving Sale") and made the following findings: (1) the Bankruptcy Court has subject matter jurisdiction over the Trustee's motion as it constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N); (2) the Bankruptcy Court has personal jurisdiction over

---

[16] Docket 23-10 (2013 Final Judgment) at 175–77.

[17] *See* Docket 23-10 at 176.

[18] Docket 23-10 (order dismissing appeals) at 236–238.  *See also* Docket 23-10 at 265 (order of dismissal for failure to perfect the appeal); Docket 23-10 at 267 (order finding that the questions raised in the appeal are so insubstantial as not to require further argument).

[19] Docket 3-8 (Notice of Motion to Sell Ranch and Personal Property by Auction).

[20] The Trustee and Ms. Tangwall appeared telephonically.  *See In re Margaret Bertran*, Case No. F12-00501-HAR, Docket 108 (Bankr. D. Alaska June 6, 2016) (hearing re Trustee's motion to sell the Ranch).

Donald Tangwall both in his individual capacity and as the "alleged trustee of the Toni 1 Trust"; (3) the Bankruptcy Court has personal jurisdiction over the Toni 1 Trust; (4) the Bankruptcy Court has personal jurisdiction over Barbara Tangwall and Margaret Bertran; (5) the Trustee may sell the Bankruptcy Estate's 50% undivided interest in the Ranch by auction; (6) because the Wackers joined in the Trustee's motion, the sale of the Ranch shall be for the Ranch as a whole; (7) proper notice of the motion had been given to all parties involved in the Bertran bankruptcy proceedings, and all persons claiming through them; and (8) the sale of the Ranch would be free and clear of the claims and liens of all persons who received notice of the motion.[21]

On June 13, 2016, Ms. Bertran filed a Notice of Appeal from the Bankruptcy Court's Order Approving Sale. On June 20, 2016, Ms. Bertran and the Tangwalls filed a request for an evidentiary hearing in the main bankruptcy case, in which they asserted that the Bankruptcy Court lacked jurisdiction "over the Toni 1 Trust." They also maintained that all "orders, memorandum and judgments entered by [the Bankruptcy] Court should be deemed null and void."[22] The Bankruptcy Court denied the motion because it concluded that the notice of appeal filed on June 13, 2016 divested the Bankruptcy Court of jurisdiction.[23]

---

[21] *See* Docket 23-13 (Order Approving Sale) at 43–47. The Order Approving Sale makes other findings that are not relevant to this appeal.

[22] Docket 23-7 (Request for Evid. Hr'g) at 27–29.

[23] Docket 23-7 (Order Den. Mot. for Recons. and Evid. Hr'g) at 30.

Ms. Bertran and the Tangwalls then moved to stay the execution of the Order Approving Sale. On June 30, 2016, the Bankruptcy Court denied the motion.[24] Ms. Bertran and the Tangwalls then appealed to this Court, which also denied the motion to stay.[25] There is no indication in the record that the Ranch has since been sold.[26]

On appeal to this Court, Appellants argue the following:[27] (1) "the Montana [state] [c]ourt is in want of [. . .] personal jurisdiction in failing to name a trustee of the Toni 1 Trust and in failing to serve the same with a summons and complaint[, and] [i]n want of subject matter jurisdiction because the issue of Toni 1 Trust assets are administered in Alaska by qualified trustees [and] [e]xclusive jurisdiction lies with the courts of Alaska; (2) the Bankruptcy Court lacks personal and subject matter jurisdiction "over Toni 1 Trust [because that court] never named a trustee of the Toni 1 Trust as a defendant and never served the same with a summons and complaint"; (3) the Bankruptcy Court improperly granted full faith and credit to the Montana state court ruling when it ordered the sale of the Ranch in its Order Approving Sale because "full faith and credit cannot be given to judgments which are void on their face"; (4) the Bankruptcy Court "lost jurisdiction to enter [the Order Approving Sale] [. . .] when the [C]ourt refused to set an evidentiary hearing

---

[24] Docket 3-1 (Bankruptcy Court Order Denying Mot. to Stay) at 1.

[25] *See* Docket 20 (Order re Mots. to Stay).

[26] *See* 11 U.S.C. § 363(m); *In re Berkeley Delaware Court, LLC*, 834 F.3d 1036, 1041 (9th Cir. 2016) ("Under § 363(m), [. . .] the sale may not be modified or set aside on appeal unless it was stayed pending appeal.").

[27] At Docket 28 is a Brief by Appellants and at Docket 30 is Appellants' Opening Brief by Donald Tangwall. Docket 28 presents new arguments pertaining to the alleged misconduct of Trustee Larry Compton. Docket 30 is a copy of the brief at Docket 27. This decision addresses the arguments contained in both briefs.

on the issue of jurisdiction"; and (5) "Trustee Compton violated the stay on all bankruptcy orders when he executed [the Order Approving Sale]" on the same day it was issued.[28]

## JURISDICTION

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## STANDARD OF REVIEW

The Court reviews legal conclusions reached by the Bankruptcy Court de novo.[29] Findings of fact are review for clear error. Findings of fact are clearly erroneous only if they are illogical, implausible, or lacking support in the record.[30] Whether the Bankruptcy Court has jurisdiction to hear and decide a matter is a legal question that is reviewed de novo.

## DISCUSSION

This appeal challenges the Bankruptcy Court's jurisdiction over Ms. Bertran and the Toni 1 Trust, as well as its jurisdiction to issue the Order Approving Sale. Appellants challenge the Order Approving Sale specifically because the order authorized the sale of the entire Ranch, including the Wackers' half interest. Appellants argue that the Wackers' half interest was created by a Montana state court judgment that is void for lack of jurisdiction.

---

[28] Docket 27 (Appellants' Opening Br.).

[29] *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1019–20 (9th Cir. 2012) (citing *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010)).

[30] *Retz v. Simpson*, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261–62 & n.21 (9th Cir. 2009) (en banc)).

## 1. The Tangwalls' Participation

As a preliminary matter, the Court addresses whether Donald Tangwall and Barbara Tangwall should be dismissed from this appeal. The Tangwalls appear before the Court in their individual capacities; Mr. Tangwall also appears as trustee of the Toni 1 Trust. Neither Mr. Tangwall nor Ms. Tangwall in their individual capacities are parties to the main bankruptcy case or the Adversary Action. Accordingly, they have no grounds upon which to challenge the Bankruptcy Court's jurisdiction or the Order Approving Sale.[31] And in Mr. Tangwall's position as trustee, the Bankruptcy Court ordered Mr. Tangwall to procure legal representation but he failed to do so.[32] The Ninth Circuit prohibits non-attorneys from appearing in a federal court on behalf of another person or a legal entity such as a trust.[33] Therefore, Mr. Tangwall lacked the authority to file a notice of appeal in the Bankruptcy Case on behalf of the Toni 1 Trust as he is not an attorney. Accordingly, the Court will dismiss from this appeal the Tangwalls in their individual capacities and Mr. Tangwall as trustee of the Toni 1 Trust.[34]

---

[31] *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.").

[32] Docket 23-10 (Am. Order Requiring Pl. to Appear Through an Attorney) at 133.

[33] Docket 23-10 (Memo. Regarding Lack of Authority to File Notice of Appeal) at 209–210 (citing *McShane v. United States*, 366 F.3d 286, 288 (9th Cir.1966) ("Although a non-attorney may appear in *propria persona* in his own behalf, that privilege is personal to him.")).

[34] There is also a question whether Ms. Bertran has standing to challenge the Bankruptcy Court's Order Approving Sale. For a plaintiff to have standing to bring an action, she must have a sufficient stake in the outcome of the litigation to ensure a true controversy. *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975). The Bankruptcy Court found that any sale proceeds from the sale of the Ranch would not be paid to the debtor and "may not even pay the administrative expenses." Docket 3-2 at 3. Ms. Bertran also may not assert the rights of the Toni 1 Trust or its trustees. *See Sac & Fox Nation of Missouri v. Pierce*, 213 F.3d 566, 573 (9th Cir. 2000) (citing *Warth*, 422 U.S. at 499) ("[A] plaintiff must assert its own rights, rather than those belong to third parties."). However, because Ms. Bertran is not entitled to relief on the merits of this appeal, the Court does

## 2. The Bankruptcy Court's Jurisdiction

Ms. Bertran argues that the Bankruptcy Court lacked both subject matter jurisdiction and personal jurisdiction over the Toni 1 Trust to issue the Order Approving Sale, which granted the Trustee's motion for authority to sell the Ranch and other personal property.  Ms. Bertran also argues that the Bankruptcy Court "lost jurisdiction" when it "refused to set an evidentiary hearing on the issue of jurisdiction [as] requested at the June 6, 2016 hearing."[35]

### A. Subject Matter Jurisdiction

A bankruptcy court's authority "depends on whether Congress has classified the matter as a "core proceeding" or a "non-core proceeding" under the Bankruptcy Code. Congress has given bankruptcy courts the power to "hear and determine core proceedings and to enter appropriate orders and judgments, subject to appellate review by the district court."[36]  "Approving the sale of property," which includes approving sale by auction, is one such "core proceeding" listed in 28 U.S.C. § 157(b).[37]

In this case, the Bankruptcy Court had subject matter jurisdiction over the Estate's half interest in the Ranch because it became the property of the Bankruptcy Estate in

---

not decide whether Ms. Bertran has standing to challenge the jurisdiction of the Bankruptcy Court to issue its Order Approving Sale.

[35] Docket 27 (Appellants Opening Br.) at 9.

[36] *Wellness Intern. Network, Ltd. v. Shariff*, 135 S.Ct. 1932, 1940 (2015) (citing § 157(b) (internal quotation marks omitted).

[37] *See* 28 U.S.C. § 157(b); *In re Catholic Bishop of Northern Alaska*, 525 B.R. 723 (D. Alaska 2015) (finding bankruptcy court had jurisdiction pursuant to § 157(b) to enforce sale by auction).

2013 by virtue of the 2013 Final Judgment in the Adversary Action.[38]  After issuing the 2013 Final Judgment, the Bankruptcy Court retained jurisdiction to administer the Bankruptcy Estate and ensure that its orders were executed as intended.[39]  Accordingly, pursuant to § 157(b), the Bankruptcy Court had subject matter jurisdiction to enter its order granting the Trustee's motion to sell Ms. Bertran's interest in the Ranch.

As for the Bankruptcy Court's authority to authorize the sale of the Wackers' half interest, 11 U.S.C. § 363(f) authorizes a bankruptcy trustee to sell property "free and clear of any interest in such property of an entity of the estate only if . . . (2) such entity consents."  At the time of the Order Approving Sale, the Bankruptcy Court determined that the Wackers owned a 50% undivided interest in the Ranch.  Because the Wackers joined in the Trustee's motion for authorization to sell the Ranch by auction, the Bankruptcy Court properly determined that the Wackers had consented to the sale.[40]

### B. Personal Jurisdiction

To the extent Ms. Bertran argues that the Bankruptcy Court did not have personal jurisdiction over her, she has waived any such argument by filing a Chapter 7 bankruptcy petition in the District of Alaska, Bankruptcy Court.[41]  Likewise, the Toni 1 Trust's asserted

---

[38] *See* Docket 23-10 (2013 Final Judgment) at 175.

[39] *In re Franklin*, 802 F.2d 324, 326–27 (9th Cir. 1986) ("bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner.").

[40] Docket 23-13 (Order Approving Sale) at 44, ¶ 5 ("The Wackers (collectively, with the Trustee, 'the Sellers'), who own the other 50% undivided interest, have joined in the Trustee's Motion."). *See also In re Margaret Bertran*, No. 12-000501-HAR, Docket 90, p. 2 (Bankr. D. Alaska filed May 11, 2016) (stating that the Wackers join in the Trustee's motion for authority to sell Ranch by auction).

[41] *See Wellness Int'l Network, Ltd. v. Sharif,* 135 S.Ct. 1932, 1949 (2015) (bankruptcy courts may decide state claims submitted to them by consent); *In re EPD Inv. Co., LLC,* 821 F.3d 1146, 1150

trustee, Mr. Tangwall, filed the Adversary Action in the Bankruptcy Court. Moreover, the Toni 1 Trust is allegedly an *Alaskan trust*.[42] The Court finds the Bankruptcy Court properly exercised personal jurisdiction over both Ms. Bertran and the Toni 1 Trust.[43]

### C. Evidentiary Hearing Requirement

On June 20, 2016, after the entry of the Order Approving Sale, the Tangwalls filed a request for evidentiary hearing, in which they argued that the Bankruptcy Court lacked personal jurisdiction over the Toni 1 Trust and subject matter jurisdiction over the proceedings against the Toni 1 Trust because the proceedings are non-core proceedings, and an evidentiary hearing on the motion was necessary. But by that point, a Notice of Appeal had already been filed, divesting the Bankruptcy Court of jurisdiction to consider the request.[44] And, in any event, the factual record was adequately developed and demonstrated that the Bankruptcy Court had properly determined that it had subject matter jurisdiction to authorize the sale of the Ranch by auction and that it had personal jurisdiction over the Toni 1 Trust.

### 3. The Montana Court's Jurisdiction

The Bankruptcy Court's Order Approving Sale authorized the sale of the entire Ranch, including the Wackers' half interest. Ms. Bertran challenges the Bankruptcy

---

n.2 (9th Cir. 2016) ("Poshow filed a proof of claim on behalf of the trust and has, accordingly, consented to bankruptcy court jurisdiction.").

[42] *See e.g.*, Docket 27 at 12 ("The Toni 1 Trust is an Alaskan trust administered in the State of Alaska.").

[43] Moreover, bankruptcy courts have personal jurisdiction on a nationwide basis. *See* Fed. R. Bankr. P. 7004(d), (f). ("[Nation-wide service of process] is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code.").

[44] Docket 3-6 (Order Denying Mot. for Reconsideration and Evidentiary Hr'g) at 1.

Court's authority to approve a sale of the Wackers' half interest in the Ranch, because in her view, the Montana state court's 2012 Judgment, which led to the creation of the Wackers' half interest in the Ranch, is void for lack of jurisdiction. According to Ms. Bertran, the Bankruptcy Court thus had no authority to authorize the sale of the entire Ranch because the Wackers do not own a 50% interest in the Ranch.

Ms. Bertran advances three rationales in furtherance of her argument that the Montana state court 2012 Judgment is void on its face: (1) "the Montana default judgment . . . fail[ed] to name the trustee of the Toni 1 Trust and to serve the same"; (2) "[the] Toni 1 Trust is an Alaskan trust [and therefore] . . . [e]xclusive jurisdiction over the Toni 1 Trust . . . lies with the Courts of Alaska"; and (3) the Wackers "rushed to get default judgment against the parties by service of the summons and complaint in a Montana publication."[45]

Federal law provides that judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."[46] Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."[47] The Bankruptcy Court was required to give full faith and credit to the 2012 Judgment from the Montana state court.

---

[45] Docket 27 (Appellants' Opening Br.) at 10–12.

[46] 28 U.S.C. § 1738.

[47] *Kremer v. Chemical Construction Corp*, 456 U.S. 461, 466 (1982).

Ms. Bertran is attempting to collaterally attack the 2012 Judgment through the Bankruptcy Court proceedings by arguing that the Montana state court was "in want of jurisdiction."  But the Supreme Court of Montana does not permit litigants to collaterally attack final judgments based on jurisdictional grounds when they had a full and fair opportunity to raise the issue in the original action or on direct appeal.[48]  "Once there has been full opportunity to present an issue for judicial decision in a given proceeding, *including those issues that pertain to a court's jurisdiction*, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end."[49]  Ms. Bertran had a full opportunity to present her arguments to the Montana state court before that court issued its final judgment or to timely appeal the issue to the Montana appellate courts, but she failed to do so.  Ms. Bertran is now barred from collaterally attacking the Montana state court judgment in Bankruptcy Court or in this Court.[50]  The Bankruptcy

---

[48] *Bragg v. McLaughlin*, 993 P.2d 662, 666 (Mont. 1999*) overruled on other grounds by Essex Ins. Co. v. Moose's Saloon, Inc.*, 166 P.3d 451 (Mont. 2007); *see also Searight v. Cimino*, 777 P. 2d 335, 337 (Mont. 1989).

[49] *Searight*, 777 P.2d at 337 (emphasis in original) (quoting *Wellman v. Wellman*, 643 P.2d 573, 575 (Mont. 1982)).  *See also Johnson v. Muelberger*, 340 U.S. 581 (1951) (holding that a collateral attack on jurisdiction is barred when the party would not be permitted to collaterally attack in the courts of the state at issue); *Sherrer v. Sherrer*, 334 U.S. 343, 350 (1948) ("[T]he doctrine of res judicata applies to adjudications relating either to jurisdiction of the person or of the subject matter where such adjudications have been made in proceedings in which those question were in issue and in which the parties were given full opportunity to litigate.").

[50] There is some doubt whether the Toni 1 Trust was in existence at the time of the 2012 Judgment.  Mr. Tangwall repeatedly failed to provide proof of the trust's existence during the Adversary Action, and the Bankruptcy Court found that Ms. Bertran had failed to submit the requisite settlor's affidavit as required by AS 34.40.110(j).  In the absence of this affidavit, if a trust was established, it may be void and any transfers to the Toni 1 Trust would also be void.  *See* Docket 23-13 (Supp. Mem. Regarding Transfer of Ranch to Toni 1 Trust as Unqualified under AS 34.40.110(j)) at 57–61; *see also In re Erskine*, 550 B.R. 362 (Bankr. W.D. Tenn. 2016).  It would

Court had the authority to enter the Order Approving Sale as to the entire Ranch property, and that order will be affirmed.

## 4. Trustee Compton's Alleged Misconduct

At Docket 28, Ms. Bertran argues that the Trustee violated Bankruptcy Rules 6004 and 7062.[51] Ms. Bertran also maintains that the Trustee has not complied with MCA 70-24-430 because he "has not produced, by certified mail, an inventory of the personal property taken from the Ranch, and [the Trustee has] not given Appellants a ten-day notice to recover the property, or provided a copy of the statute by certified mail."[52] Ms. Bertran also argues that pursuant to Bankruptcy Rule 7062, the Bankruptcy Court's Order Approving Sale had a mandatory "cooling off period," which the Trustee violated by acting on the order on the same day it was entered.[53] Because of these alleged violations, Ms. Bertran argues that the Court should "stay all proceedings . . . and set a show cause hearing as to why Trustee Compton . . . should not be held in contempt of Court and for damages which now exceed two million dollars."[54]

Rule 6004 requires notice of the proposed use or sale of property. Subsection (c) of 6004 provides that a motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on all persons

---

also not be incumbent upon the Wackers to serve a Trust that was improperly established and void.

[51] Docket 28 (Appellants' Opening Br.) at 1; *see also* Docket 27 (Appellants' Opening Brief) at 10.

[52] Docket 28 at 1.

[53] Docket 28 at 1.

[54] Docket 28 at 2.

who have liens or other interests in the property to be sold. The notice must include the date of the hearing on the motion and the time within which objections may be filed and served on the debtor in possession. The Tangwalls were both present at the June 6, 2016 hearing on Trustee's motion for authority to sell the Ranch. Moreover, the Bankruptcy Court found that proper notice of the motion and the hearing had been given to the Tangwalls and Ms. Bertran.[55] Ms. Bertran has not shown that the Trustee violated Rule 6004.

With regard to the Trustee's compliance with MCA 70-24-430, the Bankruptcy Court found "[t]he removal of the personal property from the Ranch was discussed extensively at the June 6, 2016 hearing. The Trustee and the Wackers bent over backwards to accommodate the removal."[56] The Bankruptcy Court thus found that the Trustee complied with the requirements under MCA 70-24-430. The Bankruptcy Court's factual findings will only be rejected upon a showing of clear error; Ms. Bertran has made no such showing.

As for Ms. Bertran's argument that the Trustee violated Federal Rule of Bankruptcy Procedure 7062, that rule applies only to adversary actions. A motion to approve the sale of property of an estate is a contested matter; it is not an adversary proceeding.[57] Contested matters are governed by Rule 9014, which provides that Rule 7062 does not

---

[55] Docket 23-13 (Order Approving Sale) at 46, ¶ 12. *See also* Docket 3-2 (Order Denying Mot. for Stay Order at ECF No. 109 Pending Appeal and Mem. in Support) at 2–3 (The court found that "CM/ECF [ ] shows that both [the motion and notice of the hearing] were electronically served on: Stonewall Jason Crawford on behalf of Debtor Margaret A. Bertran").

[56] Docket 54 (Order Denying Mot. for Order to Show Cause) at 6–9.

[57] *See* Fed. R. Bankr. P. 9014 advisory committee's note to 1999 amendment.

apply in contested matters unless the court so directs: "[U]nless the court orders otherwise, Rule 7062 does not apply to the court's order authorizing sale."[58]  Here, the Bankruptcy Court issued no order to the contrary.  Therefore, Trustee Compton did not violate Rule 7062, as it is not applicable.

## 5. Motion to Deny the Wackers and Mr. LeRoy's Participation in Appeal

Also before the Court at Docket 44 is Appellants' Motion to Deny Barbara Wacker, William Wacker, and their Attorney Erick LeRoy from Participating in this Appeal.  Neither the Wackers nor their attorney has filed an entry of appearance in this appeal.  The relief sought in unnecessary and the motion will accordingly be denied as moot.

## 6. Motion for Extension of Time

At Docket 49 is Appellants' Motion for Extension of Time to File Reply Brief.  The motion was unopposed and will be granted.  The Reply Brief filed at Docket 53 is accepted.

## 7. The Record on Appeal

Finally, at Docket 54 is the Trustee's motion for leave to file a response to Ms. Bertran's reply brief concerning the record on appeal.  Appellants filed a response to this motion at Docket 55, to which the Trustee replied at Dockets 56 and 57.  In the Trustee's motion, he argues that in reaching its decision, the Court may properly rely on the following documents from the Bankruptcy Court: the *Order Denying Motion for Reconsideration and Evidentiary Hearing* filed by the Appellants at Docket 5-9; the *Amended Order Denying Motion for Stay Order at ECF No. 109 Pending Appeal and*

---

[58] *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 225 (Bankr. N.D. Tex. 2002).

*Memorandum in Support* filed by the Appellants at Docket 29; and the *Order Denying Motion for Order to Show Cause*, filed by the Trustee with the motion at Docket 54. Appellants argue that the record on appeal is limited to only those documents specifically designated as the record on appeal. However, a reviewing court may properly rely on any motion, order or exhibit filed with or issued by a bankruptcy court on appeal of that court's determinations.[59] Even if a document was not designated as part of the record, the Court may, pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2), correct or modify the designated record if documents from the lower court's proceedings that are material to either party were not specifically designated as part of the record on appeal. Accordingly, the motion at Docket 54 will be granted and the *Order Denying Motion for Reconsideration and Evidentiary Hearing* filed at Docket 5-9; the *Amended Order Denying Motion for Stay Order at ECF No. 109 Pending Appeal and Memorandum in Support* filed at Docket 29; and the *Order Denying Motion for Order to Show Cause*, attached to the Trustee's motion at Docket 54, shall all be included in the record on appeal.

## ORDER

For the foregoing reasons, IT IS ORDERED:

(1) Donald and Barbara Tangwall in their individual capacities and Mr. Tangwall as trustee of the Toni 1 Trust are each DISMISSED from this appeal;

(2) Ms. Bertran's motion to deny the Wackers and their attorney from participating in this appeal at Docket 44 is DENIED as moot;

---

[59] *Cf. United States v. Sanchez-Lopez,* 879 F.2d 541, 548 (9th Cir. 1989) ("[E]xhibits and papers not filed with the district court or admitted into evidence are not part of the appellate record.").

(3) Ms. Bertran's motion for an extension of time to file her reply brief at Docket 49 is GRANTED;

(3) The Trustee's motion for leave at Docket 54 is GRANTED; and

(4) The Bankruptcy Court's jurisdiction to enter the Order Approving Sale on June 7, 2016 is AFFIRMED. The Clerk of Court is directed to enter a judgment in these consolidated appeals accordingly.

DATED this 20th day of March, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE